ings to foreclose the demolition lien. As to the requirements for testing such an affidavit see *Graham v. O'Connor*, 350 Ill. 36, 40, 182 N.E. 764, and *Schwartz v. City of Chicago*, 21 Ill.App.3d 84, 315 N.E.2d 215.

For the reasons set forth, the judgment of the circuit court of Cook County dismissing the Heckos' suit against the City of Chicago for wrongful demolition is reversed and the cause remanded with directions to reinstate the case on the trial call. The judgment denying relief under section 72 of the Civil Practice Act is also reversed, and that cause is remanded with directions to determine if the court had jurisdiction to enter the 1967 and 1970 decrees and, if it did not as to either proceeding, then to set aside the decree of foreclosure, and for further proceedings not inconsistent with the views expressed in this opinion.

Judgments reversed and remanded for further proceedings.

DOWNING, P. J., and HAYES, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAUNDRA WEBB *et al.*, Defendants-Appellants.

(No. 59425;

First District (2nd Division)—January 14, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Susan K. Horn and George L. Lincoln, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Ellis B. Levin, and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.